Case 1:23-cv-00291-MAC-ZJH   Document 2   Filed 08/01/23   Page 1 of 10 PageID #: 43

FILED: 7/18/2023 1:31 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 77630517
Reviewed By: Justin Rhodes

230202-C

| | | |
|---|---|---|
| **JOHN BROWN AND CANDACE BROWN** | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | ORANGE, TEXAS |
| | § | |
| **FREEDOM MORTGAGE CORPORATION,** | § § | 128th |
| Defendant. | § | _____ JUDICAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME JOHN BROWN AND CANDACE BROWN, hereinafter called Plaintiffs, file this First Amended Complaint against Defendant, FREEDOM MORTGAGE CORPORATION hereinafter called Defendant of FMC, and would respectfully show the Court the following:

### PARTIES AND SERVICE

1. Plaintiffs are residents of Orange County, Texas, living at

2. Defendant, FREEDOM MORTGAGE CORPORATION, is an out of state business entity, doing business in Texas, and can be served by serving its registered agent for service of process at:

**C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201**

3. Defendant, NESTOR SOLUTIONS LLC, is an out of state business entity, doing business in Texas, has non registered an agent for service of process with the Texas Secretary of State, accordingly the Texas Secretary of State will serve as their agent for service of process under CPRC 17.044 (a) and/or (b) at:

1

Copy from re:SearchTX

**Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079**

**JURISDICTION & VENUE**

4. Venue is proper in Orange County, Texas, in that the causes of action involve real property located in Orange County, Texas. Further, fraudulent representations and assurances by were made by agents of Defendants to Plaintiffs situation in Orange County, Texas.

**NATURE OF ACTION AND A STATEMENT OF FACTS SUPPORTING SAME**

5. This is a case where the Defendants[1] fraudulently assured Plaintiffs that a negotiated terms of interest (5.75% to 3.5%) on their home mortgage[2] (allegedly held by Defendant FMC) would by accepted by Plaintiffs upon the Plaintiffs tendering of a certain amount agreed to by all parties, or agents thereof, verbally over the on the phone. Plaintiffs tendered said amounts and made multiple payments in good faith reliance on the multiple representations and assurances that they had secured the more desirable rate, yet FMC refused to honor the obligations. As a reward for Plaintiffs continued efforts to honor their obligation, FMC saw fit to refuse payments and initiate non-judicial foreclosure proceedings on Plaintiffs home. Agents of FMC have admitted verbally to Plaintiffs on multiple occasions, that their own internal notes reflect acceptance. However, they indicated a "glitch" in the system prevented formal paperwork from being forwarded to Plaintiffs. Following the identification of "the glitch" an agent of FMC further assured Plaintiffs that the matter would be resolved, blaming COVID for such shoddy antics in serving what purports to be the mortgage on the Plaintiffs' home. That same agent admitted that payment of the agreed amount to over the phone sufficiently bound FMC to the change in terms[3]. Nevertheless, with now full knowledge of their

---

[1] Defendant FMC is acting by and through Nestor Solutions, LLC.
[2] Plaintiff suspects FMC will claim an interest via transfer or assignment from a record present in the Jefferson County Court Records Document No. 504177, which reference loan number 0125357608.
[3] Such admissions were made while agents of FMC reviewed internal notes on FMC computers, noting and

2

Copy from re:SearchTX

own fraudulent acts and the Plaintiffs' justifiable reliance FMC wrongfully and fraudulent initiated a foreclosure, an act which Defendant Nestor continues to allow. Plaintiffs were horrified to learn, that their home, which houses a blended family of seven, had been set for sale at foreclosure for September 5, 2023. Plaintiff John Brown is a disabled veteran and his wife Candance Brown suffers from an impairing injury, facts upon which FMC is aware, as the Plaintiffs advised them of same. As a result of FMC's wrongful actions, Plaintiffs have suffered financial injury, and a cloud has been placed upon the title to their real estate property which is allegedly subject to a mortgage held by FMC. Such fraudulent acts have caused mental anguish upon the part of Plaintiffs, as they now fear the loss of their home where they raise their children and the financial consequences associated with same.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with.

## PLAINTIFFS CLAIM FOR STATUTORY FRAUD AGAINST DEFENDANT

7. There was a transaction involving real estate between Plaintiffs and the Defendant.

8. During the transaction, the Defendant made false representations of fact, made a false promise, or benefited by not disclosing that a third party's representation or promise was false, and such promises were all related to the false representations of fact made by agents of FMC as they relate to the mortgage at issue in this case.

9. The false representation or promise was made for the purpose of inducing the Plaintiffs to enter a contract, or otherwise place the Plaintiffs in a position wherein they would have to agree to a higher mortgage rate to avoid foreclosure, and that the Plaintiffs relied on the

---

admitting the egregious error. During those calls, Plaintiffs recorded said agents making the substantive admission as they feared that FMC may not honor the agreement to which they themselves admit they are bound.

Copy from re:SearchTX

false representation or promise.

10. FMC refused to the loan modification the reliance has caused Plaintiffs to suffer injury.

## PLAINTIFF'S CLAIM FOR TRESPASS TO TRY TITLE

11. This claim is one for Trespass to Try Title under Chapter 22 of the Texas Property Code and Texas Rule of Civil Procedure No. 783 that arising as a result of Defendant FMC by and though its agent Defendant Nestor Solutions, LLC, wrongfully foreclosing upon Plaintiffs' real property.

12. At the time of initiating the wrongful foreclosure and wrongful the Plaintiffs were the fee simple owner of the property, had possession of the property, and are currently in possession of the home and real property located at:

9198 Terry Road, Orange, Texas 77630

13. The failures of Defendant to conduct a proper non-judicial foreclosure, along with their actions following that time have resulted in a trespass to Plaintiffs title to the real property and have caused the Plaintiffs to suffer financial damages.

## THE NOTE AT ISSUE IS NOT HELD IN GOOD FAITH BY DEFENDANT

14. By operation of this pleading, Plaintiffs advise FMC and would show this court that upon trial of this matter that FMC will be unable show standing as the true holder of the note at issues. The Texas Business and Commerce Code states that only a "Holder" of an instrument, or a non-holder in possession of the instrument, is entitled to enforce the instrument, whether that be through enforcement of the deed of trust or any other manner A foreclosure action is merely a collection action on a negotiable instrument. Therefore, in this case, the negotiable instrument is the Original Mortgage Promissory Note. The Deed of Trust is merely the instrument securing the

Copy from re:SearchTX

Original Mortgage Promissory Note. Although the Texas Property Code formulates the procedure by which a deed of trust may be used as a security instrument to collect on a mortgage, the deed of trust is wholly worthless and invalid if there is no Note for it to secure.

## TEXAS FINANCE CODE VIOLATION

15. Because Defendants have provided no evidence that they are in fact Holder in Due Course and Holder of the Note, they have no authority to collect on the Note. Defendants nonetheless have engaged in actions to collect on such Note. These actions are thereby fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code §§392.303 and 392.304, The Texas Debt Collection Act (TDCA).  Defendants are in violation of Texas Finance Code Sections 392.301(8), therefore having no authority to collect on the note or hold a substitute trustee's sale. All alleged transfers, assignments, and misstatements of facts regarding the Note by Defendants, and the failure of Defendants to verify that they are the Holder in Due Course and Holders of the Note, constitute violations of the Texas Finance Code.

## BREACH OF CONTRACT

16. In the alternative, and in the event FMC can prove itself a good faith holder of the relevant note agents agreed to an interest rate of 3.5%, and have confirmed with Plaintiffs over the phone the terms of the commitment.  Nevertheless, FMC saw fit to breach said agreement and initiate foreclosure proceedings.  FMC breach has caused damages to the Plaintiffs.

## PLAINTIFFS REQUEST FOR DECLARATORY JUDGMENT & ATTORNEY FEES

17. There exists a genuine controversy between the parties herein that would be terminated by the granting of a declaratory judgment pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

Copy from re:SearchTX

18. Plaintiffs seek the Court to declare that FMC importantly initiated non-judicial foreclosure procedures and created a wrongful cloud upon the title of Plaintiff's real property described above.

19. The Plaintiff requests that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq is an action to collect a debt and therefore the Defendant must produce the one and only Original Promissory Note signed by the Plaintiffs for inspection by the Plaintiffs and or their document examiner prior to proceeding with any foreclosure proceedings.

20. Plaintiffs further request that the Court grant a declaratory judgment that Declares that the acts and/or omissions of Defendant as complained of herein are wrongful and violate the rights of Plaintiffs under Texas law and that Jefferson County Court Records Document No. 504177 (which reference loan number 0125357608) is void and without effect. In the alternative, Plaintiffs seek the Court declare FMC is bound by the more favorable interest term proposed and agreed to by FMC's agents.

21. In the alternative, request that the Court grant a declaratory judgment that Declares that relevant interest rate on the purported note is 3.5%

22. Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiffs herein, including all fees necessary in the event of an appeal of this cause as the Court deems equitable and just.

## REQUEST FOR INJUNCTIVE RELIEF

23. Plaintiffs seek an order from this Court preventing Defendants from otherwise selling or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the property, Plaintiffs will suffer immediate and irreparable injury, for which there is no

Copy from re:SearchTX

adequate remedy at law to give Plaintiffs complete, final and equal relief. More specifically, Plaintiff will show unto the court the following:

    a.    The harm to Plaintiffs is imminent because Plaintiffs will lose their real property homestead.

    b.    There is no adequate remedy at law which will give Plaintiff complete, final and equal relief if the Temporary Restraining Order is not granted and any transfer of the property is allowed to take place.

    c.    Plaintiffs are willing to post a reasonable temporary restraining order bond, and hereby requests this Honorable Court to set such bond at a reasonable amount.

    d.    Plaintiffs have met the burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiffs are entitled to the requested temporary restraining order.

24.    Plaintiff requests this Honorable Court to restrain the Defendants from executing the Substitute Trustee's Sale scheduled for September 5, 2023, or selling or otherwise taking possession of the subject property during the pendency of this cause, or from sending correspondence directly to Plaintiffs regarding same without first obtaining approval by the undersigned counsel.

## **PLAINTIFFS REQUEST FOR PERMANENT INJUNCTIVE RELIEF**

25.    In addition to its damages, set forth below, Plaintiffs seek a permanent injunction from this Court (1) ordering Defendants is to refrain from interfering with Plaintiffs possession of their home and real property located 9198 Terry Road, Orange, Texas 77630 (2)

7

Copy from re:SearchTX

## **DAMAGES**

25. Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Actual damages;

    b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    c. Recission of the relevant agreement;

    d. Prejudgment interest; and

    e. Costs of Court.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, that the declaratory judgment be granted as requested herein, that the requested permanent injunction be granted, that judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

*/s/ CHRIS SACHITANO*

By: _____

Chris Sachitano
Texas Bar No. 24014886
E-Mail: sach@sachlaw.com
PO BOX 105
Beaumont, Texas 77704

8

Copy from re:SearchTX

                Tel. (409) 838-999
                Fax. (409) 242-6059
                Attorney for Plaintiffs

Copy from re:SearchTX

STATE OF TEXAS )

COUNTY OF ORANGE )

BEFORE ME, the undersigned authority, on this day personally appeared Candace Brown, who after being duly sworn, states:

"My name is Candace Brown, and I am over the age of eighteen years and am fully competent to give this verification and affidavit. I have (1) read the above and foregoing (2) directed my attorney to generate **PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION** on my behalf, and (3) have personal knowledge of the facts stated therein and particularly the allegations in the section entitled **NATURE OF ACTION AND STATEMENT OF VERIFIED FACTS SUPPORTING SAME,** which are within my personal knowledge, true and correct."

_____
Candace Brown

SWORN TO AND SUBSCRIBED BEFORE ME by said Candace Brown on this 18th day of July 2023.

_____
Notary Public-State of Texas

TAMMY SACHITANO
My Notary ID # 124056930
Expires July 16, 2024

Copy from re:SearchTX